IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE PHILLIPS on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BELLSOUTH CORPORATION,<br><br>Defendant. | Civil Action No. _____<br><br><br>COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, by and through his attorneys, bring this action on behalf of himself and all others similarly situated, and alleges upon personal knowledge and belief as to his own acts, and upon information and belief (based on the investigation of counsel) as to all other matters, as to which allegations Plaintiff believes substantial evidentiary support exists or will exist after a reasonable opportunity for further investigation and discovery, as follows:

**PRELIMINARY STATEMENT**

1. This case challenges the legality of Defendant's participation in a secret and illegal government program to intercept and analyze vast quantities of domestic telephone and Internet communications, surveillance done without the authorization of a court and in violation of federal electronic surveillance and telecommunications statutes.

2. In May of 2006, the press revealed that the government had instituted a comprehensive and warrantless electronic surveillance program that violates the Constitution and ignores the careful safeguards set forth by Congress. This surveillance

1

program, purportedly authorized by the President at least as early as 2001 and primarily undertaken by the National Security Agency ("NSA") without judicial review or approval, intercepts and analyzes the communications of millions of Americans. Prior to this revelation, Plaintiff and class members had no reasonable opportunity to discover the existence of the surveillance program or the violations of law alleged herein.

3. The government did not act – and is not acting – alone. The government collaborated with major telecommunications companies to implement its unprecedented and illegal domestic spying program.

4. Defendant maintains domestic telecommunications facilities over which millions of Americans' telephone and Internet communications pass every day. They also manage some of the largest databases in the world containing records of most or all communications made through their myriad telecommunications services.

5. On information and belief, Defendant has opened its key telecommunications facilities and databases to direct access by the NSA and/or other government agencies, intercepting and disclosing to the government the contents of its customers' communications as well as detailed communications records about millions of its customers, including Plaintiff and class members.

6. On information and belief, Defendant continues to assist the government in its secret surveillance of millions of ordinary Americans.

7. Plaintiff is suing to stop this illegal conduct and hold Defendant responsible for their illegal collaboration in the surveillance program, which has violated the law and damaged the fundamental freedoms of the American public.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 2707.

9. Plaintiff is informed, believes and thereon alleges that Defendant has sufficient contacts with this district generally and, in particular, with the events herein alleged, that Defendant is subject to the exercise of jurisdiction of this court over the person of such Defendant and that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

10. Plaintiff is informed, believes and thereon alleges that, based on the places of business of the Defendant and/or on the national reach of Defendant, a substantial part of the events giving rise to the claims herein alleged occurred in this district and that Defendant and/or agents of Defendant may be found in this district.

## PARTIES

11. Plaintiff Lawrence Phillips, is an individual residing in Boca Raton, Flordia. Plaintiff was a subscriber and user of BELLSOUTH's residential long distance telephone service.

12. Defendant BELLSOUTH Corporation, Inc., ("BELLSOUTH") is a Georgia corporation with its principal place of business in Atlanta, Georgia. In this Complaint, the definition of "BELLSOUTH" or "Defendant" specifically includes the named Defendant and all subsidiary, predecessor and successor entities to which these allegations pertain.

13. Defendant is a telecommunications carrier, and offers electronic communications service(s) to the public and remote computing service(s). Plaintiff is

currently unaware of the true names and capacities of Defendant and will amend this complaint to allege their true names and capacities when ascertained. Upon information and belief Defendant is responsible in some manner for the occurrences herein alleged and the injuries to plaintiff and class members herein alleged were proximately caused by the conduct of Defendant.

## FACTUAL ALLEGATIONS

14. The NSA began a classified surveillance program ("the Program") shortly after September 11, 2001, to intercept the telephone and Internet communications of persons inside the United States without judicial authorization, a program that continues to this day.

15. The President has stated that he authorized the Program in 2001, that he has reauthorized the Program more than 30 times since its inception, and that he intends to continue doing so.

16. The Attorney General has admitted that, absent additional authority from Congress, the electronic surveillance conducted by the Program requires a court order under the Foreign Intelligence Surveillance Act of 1978 (50 U.S.C. §§ 1801, *et seq.*).

17. The President and other government officials have admitted that the NSA does not seek judicial review of the Program's interceptions before or after the surveillance, whether by the Foreign Intelligence Surveillance Court or any other court.

18. Neither the President nor the Attorney General personally approves the individual targets of the Program's electronic surveillance before communications are intercepted.

19. Instead, NSA operational personnel identify particular persons, telephone

numbers or Internet addresses as potential surveillance targets, and NSA shift supervisors approve those targets.

20. On information and belief, besides actually eavesdropping on specific conversations, NSA personnel have intercepted large volumes of domestic and international telephone and Internet traffic in search of patterns of interest, in what has been described in press reports as a large "data mining" program.

21. On information and belief, as part of this data-mining program, the NSA intercepts millions of communications made or received by people inside the United States, and uses powerful computers to scan their contents for particular names, numbers, words or phrases.

22. Additionally, on information and belief, the NSA collects and analyzes a vast amount of communications traffic data to identify persons whose communications patterns the government believes may link them, even if indirectly, to investigatory targets.

23. On information and belief, the NSA has accomplished its massive surveillance operation by arranging with some of the nation's largest telecommunications companies, including Defendant, to gain direct access to the telephone and Internet communications transmitted via those companies' domestic telecommunications facilities, and to those companies' records pertaining to the communications they transmit.

24. On information and belief, Defendant hasprovided and continue to provide the government with direct access to all or a substantial number of the communications transmitted through its key domestic telecommunications facilities, including direct access to streams of domestic, international and foreign telephone and Internet communications.

25. Defendant has provided at all relevant times and continue to provide

electronic communication services to the public, *i.e.*, services that provide to users thereof the ability to send or receive wire or electronic communications.

26. Defendant has provided at all relevant times and continue to provide computer or storage processing services to the public, by means of wire, radio, electromagnetic, photooptical or photoelectronic facilities for the transmission of wire or electronic communications, and/or by means of computer facilities or related electronic equipment for the electronic storage of such communications.

27. Plaintiff and class members are, or at pertinent times were, subscribers to or customers of BELLSOUTH.

28. On information and belief, Defendant has provided and continue to provide the government with direct access to its databases of stored telephone and Internet records, which are updated with new information in real time or near-real time.

29. On information and belief, Defendant have disclosed and are currently disclosing to the government records concerning communications to which Plaintiff and class members were a party, and there is a strong likelihood that Defendant will disclose more of the same in the future.

30. On information and belief, there is a strong likelihood that Defendant will continue to intentionally intercept, disclose, divulge and use Plaintiff's and class members' communications and records in cooperation with the Program.

## CLASS ACTION ALLEGATIONS

31. Pursuant to Federal Rules of Civil Procedure, Rule 23 (a) and (b), Plaintiff brings this action on behalf of herself and a nationwide class (the "Nationwide Class") of similarly situated persons defined as: All persons in the United States who are current

residential subscribers or customers of Defendant's telephone services or Internet services, or who were residential telephone or Internet subscribers or customers at any time after September 2001.

32. The Nationwide Class seeks certification of claims for declaratory relief, injunctive relief and damages pursuant to 18 U.S.C. § 2707.

33. Excluded from the Nationwide Class are the officers, directors, and employees of Defendant, the legal representatives, heirs, successors, and assigns of Defendant, and all judges who may ever adjudicate this case.

34. This action is brought as a class action and may properly be so maintained pursuant to the provisions of the Federal Rules of Civil Procedure, Rule 23. Plaintiff reserves the right to modify the Nationwide Class definition and the class period based on the results of discovery.

35. **Numerosity of the Nationwide Class**: Members of the Nationwide Class are so numerous that their individual joinder is impracticable. The precise numbers and addresses of members of the Nationwide Class are unknown to the Plaintiff. Plaintiff estimates that the Nationwide Class consists of hundreds of thousands of members. The precise number of persons in the Nationwide Class and their identities and addresses may be ascertained from Defendant's records.

36. **Existence of Common Questions of Fact and Law**: There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Nationwide Class. These common legal and factual questions include:

    (a)    Whether Defendant has divulged subscriber information or other records pertaining to Nationwide Class members in violation of 18 U.S.C. § 2702(a)(3), or are currently doing so;

(b) Whether Plaintiff and class members are entitled to recover compensatory, statutory and punitive damages, whether as a result of Defendant's fraudulent, illegal and deceitful conduct, and/or otherwise; and

(c) Whether Plaintiff and class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

37. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Nationwide Class because Plaintiff is or was a subscriber to the Internet and telephone services of Defendant. Plaintiff and all members of the Nationwide Class have similarly suffered harm arising from Defendant's violations of law, as alleged herein.

38. **Adequacy**: Plaintiff is an adequate representative of the Nationwide Class because her interests do not conflict with the interests of the members of the class she seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Nationwide Class.

39. This suit may also be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) because Plaintiff and the Nationwide Class seek declaratory and injunctive relief, and all of the above factors of numerosity, common questions of fact and law, typicality and adequacy are present. Moreover, Defendant has acted on grounds generally applicable to Plaintiff and the Nationwide Class as a whole, thereby making declaratory and/or injunctive relief proper.

40. **Predominance and Superiority**: This suit may also be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Nationwide Class predominate over the questions affecting only individual members of the class and a class action is superior to other available means for

the fair and efficient adjudication of this dispute. The damages suffered by each individual class member may be relatively small, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Furthermore, it would be virtually impossible for the class members, on an individual basis, to obtain effective redress for the wrongs done to them. Moreover, even if class members themselves could afford such individual litigation, the court system could not. Individual litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal issue of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## COUNT I

### Divulgence of Communications Contents in Violation of 18 U.S.C. §§ 2702(a)(1) and/or (a)(2).

41. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

42. In relevant part, 18 U.S.C. § 2702 provides that:

(a)  Prohibitions. – Except as provided in subsection (b) – (1) a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service; and (2) a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service – (A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service; (B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or

computer processing. . . .

43. On information and belief, Defendant knowingly or intentionally divulged to one or more persons or entities the contents of Plaintiff's and class members' communications while in electronic storage by Defendants' electronic communication service and/or while carried or maintained by Defendants' remote computing service, in violation of 18 U.S.C. §§ 2702(a)(1) and/or (a)(2).

44. Defendant did not notify Plaintiff or class members of the divulgence of their communications, nor did Plaintiff or class members consent to such.

45. On information and belief, there is a strong likelihood that Defendant are now engaging in and will continue to engage in the above-described divulgence of Plaintiff's and class members' communications while in electronic storage by Defendants' electronic communication service(s), and/or while carried or maintained by Defendants' remote computing service(s), and that likelihood represents a credible threat of immediate future harm. Plaintiff and class members additionally seek a declaration pursuant to 28 U.S.C. § 2201 that Defendants' action violated 18 U.S.C. §2702, and seek reasonable attorneys' fees pursuant to 28 U.S.C. §2202.

46. Plaintiff and class members have been and are aggrieved by Defendants' above-described knowing or intentional divulgence of the contents of their communications.

47. Pursuant to 18 U.S.C. § 2707, which provides a civil action for any person aggrieved by knowing or intentional violation of 18 U.S.C. § 2702, Plaintiff and class members seek such preliminary and other equitable or declaratory relief as may be appropriate; monetary damages of no less than $1000 for Plaintiff and each aggrieved class

member; punitive damages as the Court considers just; and reasonable attorneys' fees and other litigation costs reasonably incurred.

## COUNT II

### Divulgence Of Communications Records In Violation Of 18 U.S.C. § 2702(a)(3).

48. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

49. In relevant part, 18 U.S.C. § 2702 provides that:

(a) Prohibitions. – Except as provided in subsection (b) – (3) a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by paragraph (1) or (2)) to any governmental entity.

50. On information and belief, Defendant, providers of remote computing service and electronic communication service to the public, knowingly or intentionally divulged records or other information pertaining to Plaintiff and class members to a governmental entity in violation of 18 U.S.C. § 2702(a)(3).

51. Defendant did not notify Plaintiff or class members of the divulgence of these records and other information pertaining to them and their use of Defendant's services, nor did Plaintiff or class members consent to such.

52. On information and belief, there is a strong likelihood that Defendant is now engaging in and will continue to engage in the above-described knowing or intentional divulgence of records or other information pertaining to Plaintiff and class members, and that likelihood represents a credible threat of immediate future harm. Plaintiff and class members additionally seek a declaration pursuant to 28 U.S.C. § 2201 that Defendants'

action violated 18 U.S.C. §2702, and seek reasonable attorneys' fees pursuant to 28 U.S.C. §2202.

53. Plaintiff and class members have been and are aggrieved by Defendants' above-described knowing or intentional divulgence of records or other information pertaining to Plaintiff and class members.

54. Pursuant to 18 U.S.C. § 2707, which provides a civil action for any person aggrieved by knowing or intentional violation of 18 U.S.C. § 2702, Plaintiff and class members seek such preliminary and other equitable or declaratory relief as may be appropriate; monetary damages of no less than $1000 for each aggrieved Plaintiff or class member; punitive damages as the Court considers just; and reasonable attorneys' fee and other litigation costs reasonably incurred.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff for herself and all others similarly situated, respectfully requests that the Court:

  A. Declare, pursuant to 28 U.S.C. § 2201, that Defendant's participation in the Program as alleged herein violates applicable law including without limitation 18 U.S.C. § 2702, as to Plaintiff and the Nationwide Class;

  B. Award equitable relief, including without limitation, a preliminary and permanent injunction prohibiting Defendant's continued or future participation in the Program pursuant to 18 U.S.C. § 2707(b)(1), as to the Plaintiff and the Nationwide Class;

  C. Award monetary damages to the extent permitted by law to Plaintiff and each class member in at least the sum of $1000 pursuant to 18 U.S.C. § 2707(c);

  D. Award to Plaintiff attorneys' fees and other costs of suit to the extent permitted by law, including without limitation pursuant to 18 U.S.C. § 2707(b)(3) and 28 U.S.C. § 2202; and

  F. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

DATED: MAY 15, 2006

_____
Gary E. Mason
THE MASON LAW FIRM, P.C.
1225 19th Street, NW
Suite 500
Washington, D.C. 20038
Telephone: (202) 429-2290
Facsimile: (202) 429-2294


Alexander E. Barnett
THE MASON LAW FIRM, P.C.
One Pennsylvania Plaza
Suite 4632
New York, NY 10119
Telephone: (212)-362-5770
Facsimile: (917)-591-5227


Peter N. Wasylyk
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, RI 02908
Telephone: (401)-831-7730
Facsimile: (401)-861-6064

Andrew Kierstead
LAW OFFICES OF ANDREW KIERSTEAD
1001 S.W. 5th Ave., Suite 1100
Portland, OR 97204
Telephone: (508) 224-6246
Facsimile: (508) 224-4356

CLERK'S OFFICE  
UNITED STATES DISTRICT COURT  
FOR THE DISTRICT OF COLUMBIA

CO-932  
Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING  
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____  
(To be supplied by the Clerk)

NOTICE TO PARTIES:

Pursuant to Rule 405(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT:

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following:

I. RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

- [ ] (a) relates to common property
- [x] (b) involves common issues of fact
- [x] (c) grows out of the same event or transaction
- [ ] (d) involves the validity or infringement of the same patent
- [ ] (e) is filed by the same pro se litigant

2. RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case: [ ]

3. NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT): _____

4. CAPTION AND CASE NUMBER OF RELATED CASE(ES). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

David M. Driscoll, Jr., et al. v. Verizon Communications, Inc.   C.A. No. _____

May 15, 2006  
DATE

Signature of Plaintiff/Defendant (or counsel)